**LAW OFFICES OF JAIME LATHROP, P.C.**
182A 26th Street Suite 2R
Brooklyn, New York 11232
Tel. (718) 857-3663
Fax. (718) 857-3665

Jaime Lathrop, Esq. (NY, CT)                                                                                                          Thomas Kwon, Esq. (NY)

July 2, 2020

**<u>VIA ECF</u>**
The Honorable Ann M. Donnelly
The Honorable Magistrate Judge Lois Bloom
United States District Court—E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: <u>Wilmington PT Corp. v. Mousa A. Khalil, et al., 19-cv-1557-JBW-LB</u>

Dear Judge Donnelly and Magistrate Judge Bloom:

        As the Court is aware, we represent the Defendant Mousa A. Khalil in the above-referenced foreclosure action. Upon a motion filed on August 6th, 2019, a default judgment was granted in this matter on September 10, 2019. This default was later vacated as to Defendant Mousa Khalil by an Order to Show Cause which resulted in a hearing then an order on November 20th 2019. [Docket No. 21, 24, 27, and 30]

        During the hearing, Plaintiff's then counsel made representations that it possessed all the required documentation and wished for a speedy resolution to this matter. Further, in Plaintiff's Motion for a Default Judgment of Foreclosure and Sale, Plaintiff made numerous representations as to the existence of its records and documents regarding the subject loan.

        As a result, per Judge Jack B. Weinstein's order on November 20th, 2019 discovery was initially to be completed on December 5th, 2019. [Docket No. 30]. In relevance to the Court's initial order, Defendant's counsel served discovery requests on Plaintiff on November 22, 2019. Plaintiffs made no requests during the period of discovery.

        However, due to Plaintiff's requests and Defendant's consent, Judge Bloom later issued 4 separate orders extending discovery deadlines by over 6 months, all the way to June 17th, 2020. [Docket No. 30, 36, 40, 43, and 45].

        On June 11, 2020 Plaintiff sent 39 pages of documents as a response to Defendant's Discovery request, of which only one document was not publicly available on ACRIS. Defendant reached out to Plaintiff on June 23, 2020 to inquire as to the status on if and when documents responsive to Defendant's requests would be forthcoming. Plaintiff responded a vague claim that they are waiting for additional documentation and may supplement their response and countered

with a request for mediation. Defendant responded with a request for noting the numerous extensions already consented to and pointed out the documentary evidence requested would be an essential part of Plaintiff's ability to make a prima facie case and pressed for definitive date as to when production would be made. Plaintiff ignored this request. On June 24, 2020, Plaintiff sent a notice of deposition, a full week after the close of discovery, without any response to Defendant's request for a definitive date for production of documents.

Plaintiff, since the opening of discovery on November 20, 2019 through June 17, 2020, failed to serve documents demands, interrogatories, nor any other discovery related demand. Only after over 6 months of extensions, a response bereft documentary evidence fundamental to the prosecution of its action, the close of discovery, and inquiry from Defendants as to nature of Plaintiffs document production did Plaintiff see fit to issue a notice of deposition. The actions of the Plaintiff seemingly imply and inability to make its case on the documentary evidence in its possession save for an admission under oath by the Defendant.

On August 1, 2019, Yonel Devico, Vice President of Wilmington PT Corp., in a sworn affidavit filed in this action stated "I have access to Wilmington's business records including the business records relating to the loan of Mousa A. Khalil (the "Borrower"), the borrower in the present action.". [Docket No. 20-5].  The Plaintiff and its prior counsel made firm representations to this Court that the records and documents were in its possession. Shortly after document demands were made upon Plaintiff, Plaintiff's counsel claimed it was unable to respond to by the initial December 6, 2019 deadline and was granted an extension to January 24, 2020. Then as the deadline was yet again approaching as of January 21$_{st}$, 2020, Hasbani & Light P.C. were substituted as Plaintiff's counsel in this matter. [Docket No. 37]. Plaintiff's inability to provide the records and documents which Plaintiff attested to being in its possession, leads only to the reasonable inference that Plaintiff does not in fact have the records and documents in its possession.

Presumably, in connection with a future motion for summary judgment as contemplated by the Courts prior orders, Plaintiff will (and, in fact, must) attempt to establish its claims based upon records of prior loan servicers and/or parties-in-interest. In order to properly authenticate such documentation and/or offer testimony regarding the same (in satisfaction of the business record exception to the hearsay rule), Plaintiff will need to offer testimony that the records of its prior loan servicers and/or parties-in-interest were incorporated into its own records, that such incorporation of a prior servicer's records are part of Plaintiff's regular course of business, and/or that as part of its regular course of business, Plaintiff routinely relies on the records of its prior servicers and/or parties-in-interest. However, Plaintiff's failure here to provide a full set of relevant records in response to Defendants' discovery demands demonstrates that Plaintiff cannot sufficiently and/or truthfully make such assertions.

Defendants have, in good faith, consented to 4 extensions of the deadline, and have made reasonable inquiries to Plaintiff's counsel as to when, if ever, the requested documents would be produced. No substantive response was given to these inquires and attempts to resolve this discovery issue satisfactorily been made.

As such, Defendants respectfully request that Plaintiff be precluded from utilizing any document in this litigation that has not yet been produced to Defendants, as well as, for the Court

to impose any further sanctions as outlined in Fed. R. Civ. P 37 for Plaintiff failure to comply with the May 1st, 2020 Order. [Docket No. 45]

Respectfully submitted,

                THE LAW OFFICES OF
                JAIME LATHROP, P.C.
                */s/ Jaime Lathrop*
                Jaime Lathrop, Esq.
                JL 4215
                *Attorneys for Defendant Khalil*