

Barry M. Golden, Esq.

450 Seventh Ave
Suite 1408
New York, NY 10123
T. 212.643.6677
F. 347.491.4048
bgolden@hasbanilight.com

July 8, 2020

**VIA ECF**
Judge Ann M. Donnelly
Magistrate Judge Lois Bloom
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

      **RE:**   *Wilmington PT Corp, Moussa A. Khalil, et al*
             Case No.: 19-cv-1557-AMD-LB
             Plaintiff's Response to Defendant's July 2, 2020 Letter

Dear Judge Donnelly and Magistrate Judge Bloom:

We represent the Plaintiff Wilmington PT Corp. ("Plaintiff") in the above-referenced foreclosure action. We write in response to the letter filed by Defendant Moussa A. Khalil ("Defendant") regarding Plaintiff's discovery response ("Defendant's Letter"). *See,* ECF Dkt. No.: 46.

Defendant erroneously states that Plaintiff failed to comply with the order issued on May 1, 2020 (the "May 1, 2020 Order"). On June 11, 2017, before the June 17, 2020 discovery deadline ordered in the May 1, 2020 Order, Plaintiff served their responses to Defendant's first set of discovery demands ("Plaintiff's Discovery Responses") with all relevant documents on Defendant's counsel via email. The full email chain between Plaintiff's Counsel and Defendant's Counsel is attached hereto as **Exhibit A**. Defendant made no other requests for discovery before the discovery deadline expired. Based on the defenses raised by Defendant, Plaintiff's counsel provided all documentation that is responsive to Defendant's demands, resolves all the defenses brought up by Defendant, and sufficiently proves Plaintiff's *prima facie* entitlement to a judgment of foreclosure and sale.

Instead of serving a second request for document demands, Defendant baldly claimed via email that Plaintiff's Discovery Responses were inadequate, and that Defendant would need a definitive date for when they can expect to receive "documentary evidence Plaintiff would need to prove our client's ownership of the note and mortgage in our prima facie case." *See*, **Exhibit A**. However, Plaintiff already established standing in the Instant Action by attaching the Note to the Complaint at commencement of the Instant Action. *See, Gustavia Home, LLC v. Owusu,* 16-cv-5709, 28 WL 2122818 (E.D.N.Y. May 8, 2018) (Annexing a copy of the indorsed note to the complaint at commencement is sufficient evidence that Plaintiff had standing through possession of the note at commencement).

Despite already providing all relevant documents to Defendant and establishing standing in the Instant Action, Plaintiff's counsel is willing to schedule a date and time for Defendant's counsel to inspect the Wet-Ink Note at Plaintiff's Counsels office. Plaintiff also reserves their right to

supplement the Plaintiff's Discovery Responses at a further date, which is allowed even after the discovery deadline has expired. *See, Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 358 (W.D.N.Y. 2011) (The duty to supplement continues even after the discovery period has closed).

Despite Plaintiff sufficiently responding to Defendant's discovery demands, Defendant claims in the Defendant's Letter that Plaintiff is somehow unable to establish Plaintiff's claims in the summary judgment motion (the "Plaintiff's Summary Judgment Motion") upon the records of prior loan servicers and/or parties of interest. As will be discussed further in the Plaintiff's Summary Judgment Motion, which is due on July 17, 2020 and not yet served on Defendant, Plaintiff will establish all of their claims and provide testimony and documentation to sufficiently establish their rights. Therefore, Defendant's statements and requests are premature and Plaintiff respectfully requests the Court to deny Defendant's request to preclude Plaintiff from utilizing any document in this litigation that has not yet been produced to Defendants, as well as any further sanctions pursuant to Fed. R. Civ. P. 37.

We thank the Court for their time and consideration on this matter.

Respectfully submitted,

HASBANI & LIGHT P.C.

*/s/ Barry M. Golden*
Barry M. Golden, Esq.
BG 1907
*Attorneys for Plaintiff*